Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 01 C 50097 | DATE | 2/8/2002 |
| CASE TITLE | REIFSTECK vs. KELLY-SPRINGFIELD TIRE CORP. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] For the reasons stated on the reverse Memorandum Opinion and Order, defendant's motion to dismiss without prejudice is denied.

(11) ■ [For further detail see order on the reverse side of the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | |
| | No notices required. | | number of notices | |
| X | Notices mailed by judge's staff. | | FEB 11 2002 | 10 |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | 2-11-02 | |
| | | | date mailed notice | |
| /SEC | courtroom deputy's initials | Date/time received in Central Clerk's Office | mailing deputy initials | |

# MEMORANDUM OPINION AND ORDER

Plaintiff, Richard Reifsteck, has filed a four-count complaint alleging a claim under the Americans with Disabilities Act, 42 U.S.C. §§ 12101-12213, and a state law claim for retaliatory discharge against defendant, The Goodyear Tire and Rubber Company, incorrectly identified as "The Kelly-Springfield Tire Corporation and Goodyear Tire and Rubber." Jurisdiction and venue are proper based on 42 U.S.C. §§ 12117(a), 2000e-5(f)(3), and 28 U.S.C. §§ 1367, 1391. Defendant has filed a motion to dismiss under Federal Rules of Civil Procedure 12(b)(2), (4) and (5), although the court considers it only under Rule 12(b)(5) for insufficient service of process.

Defendant claims that plaintiff failed to timely serve defendant with a copy of the complaint in that its registered agent, CT Corporation System ("CT System"), received only the summons without the complaint attached. However, plaintiff has attached to his response a signed return of service from the Cook County Sheriff's Office ("Sheriff") certifying that service of the summons and complaint was made on CT System. (Pl. Resp., Exh. 2). The Seventh Circuit has held that a valid, signed return of service constitutes prima facie evidence of valid service which can be overcome only by strong and convincing evidence. O'Brien v. R.J. O'Brien Assocs., 998 F.2d 1394, 1398 (7th Cir. 1993) (quoting Hicklin v. Edwards, 226 F.2d 410, 414 (8th Cir. 1955)). In this case, defendant has submitted an affidavit from Linda Werner, the employee of CT System who, according to the Sheriff's return of service, was the individual who accepted the service. In her affidavit, Werner states that a review of CT System's business records reveals that the complaint was not attached to the summons when the summons was originally served. She has also included a letter contemporaneously sent to defense counsel upon receipt of service, which specifically notes the complaint was not attached. (Def. Resp., Exh. A). On the other hand, plaintiff's counsel has submitted an affidavit from his secretary, who avers that she specifically recalls sending a copy of the summons and complaint to the Sheriff for service on CT System. (Pl. Resp., Exh. 1). Thus, what the court has in this case is a battle of affidavits: plaintiff says the complaint was attached, while defendant says it was not. Under these circumstances, the court finds that defendant has not submitted "strong and convincing evidence" to rebut the presumption of valid service created by the return of service. O'Brien, 998 F.2d at 1398; see also Margaretten & Co. v. Porterfield, No. 90 C 729, 1991 WL 159827, at *3 n.1 (N.D. Ill. Aug. 9, 1991) (noting that courts routinely decide issues relating to service of process based solely on the affidavits and other documents submitted by the parties).

Alternatively, even assuming the complaint was not attached to the summons, and thus that service was not properly effected, the court would still be inclined to find that good cause exists for failure to properly effect service. See Fed. R. Civ. P. 4(m); Panaras v. Liquid Carbonic Indus. Corp., 94 F.3d 338, 340-41 (7th Cir. 1996). Determining whether good cause exists in a particular case is a decision left to the sound discretion of the trial court. Bachenski v. Malnati, 11 F.3d 1371, 1376 (7th Cir. 1993). In this case, plaintiff utilized the services of the Sheriff to ensure that service was properly effected. Plaintiff received the return of service from the Sheriff indicating that service had been accomplished on April 6, 2001, well within the 120-day limit of Rule 4(m).[1] (Pl. Resp., Exh. 2). Not until defendant raised the alleged defect after the 120 days had lapsed did anything seem awry. (Pl. Resp., p. 4). Because of the return of service by the Sheriff, plaintiff reasonably abstained from further investigation, and was entitled to rely on it in the absence of information to the contrary. See Benjamin v. Grosnick, 999 F.2d 590, 592 (1st Cir. 1993) (finding good cause when blame for error rested entirely with deputy sheriff and sworn representations in the return of service amounted to reasonable belief by plaintiff that defendant had been served), cert. denied sub nom. 510 U.S. 1112 (1994). In fact, it seems likely that the fault, if any, lies with the Sheriff. Reasonable diligence by the plaintiff is therefore evident in this case. See Bachenski, 11 F.3d at 1376-77.

For the reasons stated above, defendant's motion to dismiss without prejudice is denied.

---

[1] Defendant correctly notes that under Rule 4, Monday, July 23, 2001 was the last day on which plaintiff could timely effect service. (Def. Resp., p. 2 n.2).